IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-001 |
| | : | D E C I S I O N |
| - vs - | | 4/21/2025 |
| | : | |
| AUSTIN MICHAEL ALEXANDER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2024-05-0684

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant

**Per Curiam.**

**{¶1}** This cause came on to be considered upon a notice of appeal filed by appellant, Austin Michael Alexander, the transcript of the docket and journal entries, the transcript of proceedings and the original papers from the Butler County Court of Common Pleas, and upon the brief filed by appellant's counsel.

**{¶2}** Appellant's counsel has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738 (1967), which (1) indicates that a careful review of the record

from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal," *Anders* at 744; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

**{¶3}** Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

HENDRICKSON, P.J., BYRNE and SIEBERT, JJ., concur.

[Cite as *State v. Alexander*, 2025-Ohio-1402.]